The opinion of the Court, was delivered by
Whitehead, J.
Whether the lessors of the plaintiff have any interest in the premises devised, will depend upon the construction of the devise over, in case of the death of David Manners in the lifetime of his wife.
The plaintiff’s counsel contend, that the lessors are entitled to the interest ¡which their father would take if living. In this I think they are right.
*144 The testator gave to his son David, a life estate in the premises in the first instance, for a devise of the rents, issues and profits is in effect a devise of the lands, 9 Mass. Rep. 355, and intended, according to the fair and reasonable construction of the will, to give him the fee simple in case he survive his wife. If he did not survive her, then at his death, he intended his family or descendants should take. By the expression children of my said son David Manners, the testator meant all the children his son then had, as well as those born afterwards. They were all equally the objects of his bounty; and before we adopt a rule of construction, the effect of which will be to exclude the children of Abraham, one of the devisees, we should be satisfied that the words of the devise will admit of no other reasonable interpretation. Doe v. Provost, 4 John. R. 64.
In' order to cut off these children from any interest in the premises, the defendant insists that the testator intended to limit the devise over, to those only of David’s children, who might be living at the time the contingency happened; that is, the death of David in the lifetime of his wife; and as Abraham died in the lifetime of his father, his children, according to this construction, are excluded and the property goes to David’s surviving children.
I can find nothing in the will to countenance this construction. It is a forced and unnatural one, opposed to the justice of the case. An argument is attempted to be drawn in favor of this construction, from the latter part of the section, directing a division of the premises among David’s children. The testator directs the land to be divided between them, evidently contemplating, it is insisted, a division among those of the children who might be living at the time of the death of David in the lifetime of his wife. I cannot see the force of this argument. It appears to me, if such had been the intention of the testator, he would so have limited the property. He would not have left it to conjecture, but would in terms have restricted the division among those of his grand children, who might then be living. The word survivor is not found in the will, nor any word of similar import, nor any expression showing that the testator had in view a survivorship among the children of David. On the contrary, the devise is to “ the children of my said son David Manners *145 and to their respective heirs and assigns, to be divided between them.” The words “ their respective heirs and assigns ” in the connexion here used, mean more than the quantity of estate the children of David were to take. They seem to repel the idea of a survivorship and show that the testator intended by this devise a benefit not only to David’s children, but to the families of such of them as might die before the contingency happened when they were to take.
If I am right in my construction of the will, that the testator intended in case of the death of his son David, in the lifetime of his wife, that his children or their descendants should take the property, then the next question is, had Abraham Manners, the father of the lessors, an interest in it, at the time of his death ? If he had, was it such an interest as would descend to his heirs at law? Eor it is admitted, that the lessors claim as his heirs at law.
He had vested in him a contingent interest, because liable to be defeated by the death of his mother in the lifetime of his father ; in which event the premises were devised to his father' David Manners, in fee simple. It should be borne in mind, that there was no contingency with respect to the persons who were to take, in the event of the death of David Manners in the lifetime of his wife. For the devise in that event, was to the children of David Manners, a class of persons, all of whom were equally the objects of the testator’s bounty. But the interest was contingent, because the estate was limited to take effect upon a dubious and uncertain event, to wit, the death of David Manners in the lifetime of his wife.
Now it is not necessary to the decision of this cause, for us to express an opinion whether Abraham and the other children of David Manners took by way of executory devise, or a contingent remainder, or a contingent estate in fee simple by way of executory devise. For ip either case they had an interest; not a bare possibility or hope of succeeding to the estate of an ancestor, or in the language of Chancellor Kent, the mere possibility of an expectant heir ; but what in the language of the books is termed, a possibility coupled with an interest, and as such, it was devisable by will or transmissible by descent. In 3 Term. Rep. 88, it was decided that “ executory devises are not naked possibilities, *146 but are in the nature of contingent remainders, and there is no doubt but that such estates are transmissible and consequently devisable.”
Sergeant Williams in note K to 2d Saunders Rep. 388, has collected a number of the old cases on this subject, and remarks; “ It seems now to be established, notwithstanding some old opinions to the contrary, that contingent and executory estates and possibilities accompanied with an interest, are descendible to the heir, or transmissible to the representatives of a person dying, or may be granted, assigned, or devised by him, before the contingency upon which they depend takes effect.”
Chancellor Kent, in his commentaries, 4 Vol. 511, says, “ the interest under a contingent remainder or executory devise, or future or springing use is devisable, all contingent possible estates are devisable, for there is an interest.” If devisable they are certainly transmissible by descent.
David Manners having died in the lifetime of his wife, the devise over to his children took effect. Had his son Abraham survived him, his share under the will would have vested in him in possession. Notwithstanding he died in the lifetime of his father, I am of opinion he had such an estate in the premises as descended to his children the lessors, and that they are entitled to such a share therein as he would take if living.
Cited in Seddel v. Willis, Spenc. 228; Moore v. Rake, 2 Dutch. 594; Diament v. Lore, 2 Vr. 222; Hance v. West, 3 Vr. 234; Bird v. Davis. 1 McCar.476.